The defendant pleaded fully administered and some affirmative pleas. On his affirmative pleas he offered no evidence, and on them the jury found against him. Of this he cannot complain, for he offered no evidence to support the truth of them. But as to his negative plea of fully administered, he had a right to complain, for the jury found against him also upon that plea without evidence, for the proof of assets is by law thrown upon the plaintiff. Anomalous as it may be, the bar must be negatived by the plaintiff, and need not be supported by the defendant; but the principle is right, for assets liable to the plaintiff's recovery is the main pillar of the plaintiff's right of action. More properly, therefore, it forms part of his case, if principle alone were consulted. But the uniform practice, from the earliest times, is to omit to state it in the claim or declaration; and the practice of only requiring that the defendant should intimate the want *Page 113 
of assets as sufficient for him, and then that the proof should be thrown on the plaintiff, reconciles the case to principle, in substance and effect. The mode, therefore, is anomalous, to wit, that the disproof of a defendant's plea should be thrown on the plaintiff. And it must have been on this ground that Lord Mansfield went when he, to his credit, overruled former decisions and declared that an executor was liable only to the extent of his assets, although he had fully administered and failed to disclose the true state of the assets. The plea was therefore false in part; and if considered strictly as a plea it was the same as if found false in toto, upon which grounds prior decisions held the executor liable for the whole debt. But if it is considered that assets in the hands of the defendant is a part of the plaintiff's case, then the defendant is liable so far only as the plaintiff charges him (211) with assets. The want of assets is not, therefore, strictly speaking a plea interposed by the defendant, but rather as a negation of the plaintiff's demand; it is a mere intimation, or more properly a protestation, of the want of assets; which, without such intimation or protestation, would be presumed against him. Of the finding of the jury on this issue, therefore, I say that he had a right to complain. And the court very properly, in that state of the business, offered him a new trial on that issue. This he declined to accept. On what principle, therefore, can his appeal to this Court be sustained? It is quite evident that he wishes more than a bare correction of the error. But in addition to this, although the defendants were in court, they refused to make affidavit of the want of assets when challenged to do it by the plaintiff. This alone sustains the judgment below. Wagstaff v. Smith, 9 N.C. 45.
Let the rule for a new trial be discharged, and judgment affirmed.
The CHIEF JUSTICE concurred.
PER CURIAM. Affirmed.